C. N. FOLSOM, APPELLEE, v. WALTER E. PAILING, APPEL-
LANT, ET AL.

FILED APRIL 19, 1899. No. 8858.

1. **Set-Off: PARTNERSHIP.** A claim against a member of a partnership
cannot be set off against a debt due the firm.

2. **Conflicting Evidence: REVIEW.** A finding based on conflicting evi-
dence will not be disturbed on appeal.

APPEAL from the district court of Cass county. Heard
below before RAMSEY, J. *Affirmed.*

*George W. Clark* and *D. K. Barr*, for appellant.

*C. S. Polk, contra.*

NORVAL, J.

This suit was instituted in the court below by C. N.
Folsom to foreclose a mechanic's lien on property of
Walter E. Pailing, one of the defendants, and from a de-
cree in favor of plaintiff Pailing prosecutes an appeal.

John Montgomery and Charles Stevens were partners
engaged in the manufacture and sale of brick, and under
an oral contract the firm sold and delivered to Pailing
44,600 brick, at the agreed price of $7.20 per thousand,
to be used by the latter in the erection of a brick building
on lot 361, in the village of Greenwood. At the time the
contract was entered into Pailing was engaged in the
mercantile business, and Montgomery, as well as Stev-
ens, was indebted to him. Thereafter each purchased
goods from the store on credit, and Pailing made certain
cash payments on the brick. Subsequently Montgomery
and Stevens filed a mechanic's lien for $321.12, the total
contract price of the brick, and then assigned the lien to
plaintiff. The district court allowed Pailing credit only
for the cash payments made by him, and disallowed the
amount of indebtedness due him from Montgomery and

Stevens respectively.   A. single question is presented for
our consideration, namely, did the court err in not allow-
ing Pailing credit for the amount of the individual ac-
counts of Montgomery and Stevens?   Without a con-
tract to that effect, the defendant had no right to set off
against his debt to the firm his account against a mem-
ber of this firm.   This proposition is so elementary as to
make the citation of authorities in support thereof unnec-
essary.   We have read the evidence and find that it is
conflicting.   That introduced by the plaintiff tends. to
show that no agreement was entered into between Pail-
ing and Montgomery and Stevens that the former was to
receive credit for the individual account of the members
of the firm, or for the value of the goods subsequently
purchased by Montgomery and Stevens respectively.   As
the evidence is sufficient to sustain the finding, the de-
cree is

AFFIRMED.